HENRY TOPPING *et al.*, Respondents, v. JAMES J. DAVIS, Appellant.

Kansas City Court of Appeals, November 23, 1896.

1. **Landlord and Tenant:** JUSTICE'S JURISDICTION: ACTION FOR RENT. A justice of the peace has jurisdiction of an action for rent under section 6397, Revised Statutes, 1889, *et sequentes,* brought by a purchaser at foreclosure sale under deed of trust against the tenant of the mortgagor.

2. ———: VOID LEASE: DUTY OF TENANT TO PURCHASER. A tenant recognizing a void lease paying rent thereof, when the premises are sold under foreclosure proceeding, should on the purchaser's demand and exhibition of his deed recognize him as landlord and pay him rent.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Johnson & Lucas* for appellant.

(1) Under section 6392, to sustain the action, the plaintiffs must occupy the position of landlord as to the premises in controversy, or that the tenant has attorned to him; neither of which elements are to be found in the case at bar. *Duke v. Compton,* 49 Mo. App. 308. (2) This action can not be maintained under section 6397. The justice had no jurisdiction of the subject-matter thereof; title to real estate is involved. R. S. 1889, sec. 6124. Appellant did not hold under Green or respondents, nor did he claim under them, the lease to him having been made prior to the date of sale to Green, and the execution of the deed of trust by Green to the respondents. Section 6397, "occupied at the time by any tenant, lessee, or sublessee," etc. This section was considered by the court in *State ex rel. v. Ganghorn,* 52 Mo. App. 222; *Railroad v. Eubank,* 55 Mo. App. 337; *State ex rel. v. Ganghorn,* 56 Mo. App. 520; *Pleasant Hill v. Dasher,* 120 Mo. 675; *Meier v. Thieman,* 90 Mo. 433. (3) The lease offered in evidence under the law, being intended for a lease from the Trans-Atlantic Mortgage Company, was void. When the agent of the landlord executes a lease in his own name, it is void. *Murray v. Armstrong,* 11 Mo. 209; *Potter v. Bassett,* 35 Mo. App. 417.

*Stewart Taylor* for respondents.

(1) A person put in possession of real property by an agent of the owner, without knowing who the

owner is or for whom the agent acts, is a tenant of the owner. *Life Ins. Co. v. Cummings*, 13 Mo. App. 76. (2) Our statute providing for attornment in certain cases (sec. 6373), and the sections under which this action is brought, recognize the rule that the rent followed the land and belonged to the owner at the time it accrued. *Page v. Culver*, 55 Mo. App. 610; *Freeman v. Moffitt*, 119 Mo. 297. (3) The record shows that the deeds were "admitted to be in due form and regularly acknowledged and recorded, and that they purported to convey the title," etc. The title therefore was not in issue. Had there been any such issue the defendant could have raised it by an affidavit filed before the justice in accordance with section 6219, R. S. 1889. *Meier v. Thieman*, 90 Mo. 433. (4) The contention of appellant that the justice had no jurisdiction of the subject-matter of this action is without foundation, such jurisdiction having been recognized by the courts of this state ever since our legislature saw fit to provide a remedy supposed to be more expeditious than ejectment. *Fanning v. Volker*, 40 Mo. 129; *Kelly v. Clancy*, 15 Mo. App. 527–532; *Waples v. Jones*, 62 Mo. 440; *Green v. Sternberg*, 12 Mo. App. 578; *Walker v. Harper*, 33 Mo. 592; *Duke v. Compton*, 49 Mo. App. 310; *Green v. Railroad*, 82 Mo. 653; *Freeman v. Moffitt*, 119 Mo. 297; *Vaughn v. Locke*, 27 Mo. 292.

ELLISON, J.—This action was instituted before a justice of the peace and is a proceeding under the landlord and tenant statute, sections 6397–6399, Revised Statutes, 1889. The Trans-Atlantic Mortgage and Trust Company were the owners of the property in question, subject to a deed of trust. This deed of trust was foreclosed and plaintiffs became the purchasers. Prior to the foreclosure, the mortgage com-

pany had rented the property in dispute to defendant. After the foreclosure, plaintiffs exhibited to defendant their deed of purchase and demanded payment of rent as provided by section 6398. Payment being refused, they brought this action and obtained judgment on appeal in the circuit court. The judgment was right.

II. The justice has jurisdiction, there being no question of title presented by the case made.

III: The point is made that the lease under which defendant held the premises was void. Defendant was occupying the land as a tenant, recognizing the lease and paying rent. When the plaintiffs became owners by purchase and exhibited their deed whereby they became the owners, and demanded rent, it was defendant's duty to pay and recognize them. We see no reason justifying any interference with the judgment and we therefore affirm it. All concur.